**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF PENNSYLVANIA**

NAIM TAYLOR,                               :

      Petitioner                    :    **CIVIL ACTION NO. 3:26-408**

v.                                        :    **(JUDGE MANNION)**

WARDEN OF FCI SCHUYLKILL,       :

      Respondent                  :

## MEMORANDUM

Currently before the Court is *pro se* Petitioner Naim Taylor ("Taylor")'s petition for a writ of habeas corpus under 28 U.S.C. §2241. For the reasons stated below, the Court will dismiss the petition with prejudice and direct the Clerk of Court to close this case.

## I.    BACKGROUND

On September 7, 2023, Chief Judge Matthew W. Brann sentenced Taylor to an aggregate sentence of ninety-six months of federal incarceration, followed by four years of supervised release, after Taylor pleaded guilty to one count of possession with intent to distribute forty grams or more of fentanyl and a mixture or substance containing a detectable amount of cocaine (21 U.S.C. §§841(a)(1), (b)(1)(B); 18 U.S.C. §2). *See*

*United States v. Taylor*, No. 21-cr-172-01 (M.D. Pa.), ECF No. 656.[1] When calculating the advisory sentencing guideline range for Taylor's sentence, Taylor received a two-level enhancement to his offense level for possessing firearms in connection with his drug trafficking pursuant to Section 2D1.1(b)(1) of the United States Sentencing Commission's Guideline Manual ("USSG"). *See id.*, ECF No. 753 at 4–5 (citing Docs. 639 at 22–23; 705 at 8–9). Additionally, Chief Judge Brann considered Taylor's possession of firearms during his offense as a basis for imposing the above sentence. *See id.*, ECF No. 753 at 6 (explaining that "[t]his Court ultimately imposed a within-Guidelines sentence of 96 months' imprisonment, primarily based upon the seriousness of the offense, Taylor's dangerous possession of firearms during that offense, and the fact that he was on supervision at the time he committed that crime").[2]

Taylor commenced the instant action by filing the instant Section 2241 habeas petition, which the Clerk of Court docketed on February 18, 2026.

---

[1] The Court takes judicial notice of the docket in Taylor's underlying criminal case. *See Orabi v. Att'y Gen. of the U.S.*, 738 F.3d 535, 537 (3d Cir. 2014) (citations omitted).

[2] According to the Federal Bureau of Prisons ("BOP") Inmate Locator (https://www.bop.gov/inmateloc/), Taylor has an anticipated release date of May 15, 2028.

(Doc. 1.)[3] In his petition, Taylor asserts that he is currently participating in the BOP's Residential Drug Abuse Treatment Program ("RDAP"), and the BOP has informed him that even if he completes the program, he is ineligible for a reduction of his term of incarceration for up to one year because the BOP considers his "non-violent offense" as a "crime of violence." *See* (*id.* at 1, 2). Taylor argues that the BOP's definition of "crimes of violence" in its Program Statement 5162.05, as well as 28 C.F.R. §550.55(b)(5)(i), exceeds its statutory authority and conflicts with 18 U.S.C. §3621(e)(2)(B). *See* (*id.* at 1). For relief, Taylor seeks an Order (1) determining that the BOP's "policy runs afoul [of f]ederal law and [c]ongressional intent" and (2) classifying him as eligible to receive the up-to-one-year reduction in his incarceration if he completes RDAP. *See* (*id.* at 4).

## II.    LEGAL STANDARDS

### A.    Screening of Habeas Petitions

District courts are obligated to screen habeas petitions pursuant to Rule 4 of the Rules Governing Section 2254 Cases in the United States District Courts. *See* R. 4, 28 U.S.C. foll. §2254 ("The clerk must promptly forward the petition to a judge under the court's assignment procedure, and

---

[3] Although Taylor neither paid the filing fee nor applied for leave to proceed *in forma pauperis* when he filed his petition (Doc. 2), he later remitted the fee. *See* (Unnumbered Docket Entry After Doc. 3).

the court must promptly examine it."). Rule 4 may be applied in habeas cases brought under Section 2241. *See* R. 1(b), 28 U.S.C. foll. §2254 ("The district court may apply any or all of these rules to a habeas corpus petition not covered by Rule 1(a)).". "[A] district court is authorized to dismiss a [habeas] petition summarily when it plainly appears from the face of the petition and any exhibits annexed to it that the petitioner is not entitled to relief in the district court." *Lonchar v. Thomas*, 517 U.S. 314, 320 (1996); *see also McFarland v. Scott*, 512 U.S. 849, 856 (1994) ("Federal courts are authorized to dismiss summarily any habeas petition that appears legally insufficient on its face.").

## B.    Section 2241 Habeas Petitions

Section 2241 confers federal jurisdiction over a habeas petition that has been filed by a federal inmate challenging "not the validity but the execution of [their] sentence." *Cardona v. Bledsoe*, 681 F.3d 533, 535 (3d Cir. 2012) (citations and footnote omitted); *Woodall v. Fed. Bureau of Prisons*, 432 F.3d 235, 241 (3d Cir. 2005) (stating that Section 2241 "allows a federal prisoner to challenge the 'execution' of his sentence in habeas"). While "the precise meaning of 'execution of the sentence' is hazy[,]" the phrase has been interpreted as to "put into effect" or "carry out." *Woodall*, 432 F.3d at 242, 243 (citation omitted). As a result, a federal inmate may

- 4 -

challenge conduct undertaken by the BOP that affects the duration of the inmate's custody. *See, e.g., Barden v. Keohane*, 921 F.2d 476, 478–79 (3d Cir. 1990) (finding that a federal inmate's Section 2241 petition is actionable where the inmate attacks the term of their custody by challenging the way the BOP is computing their federal sentence).

## III.   DISCUSSION

The Court has screened Taylor's Section 2241 petition under Rule 4 of the Rules Governing Section 2254 Habeas Petitions and concludes that it plainly appears from the face of the petition and any documents attached thereto that Taylor is not entitled to habeas relief in this case. As such, the Court will dismiss Taylor's habeas petition with prejudice.

### A.   RDAP and Applicable BOP Policies

The Court will first discuss RDAP and the BOP's regulatory scheme referenced in Taylor's petition. RDAP "is an intensive cognitive behavioral therapy program offered in some BOP facilities," and allows individuals convicted of nonviolent offenses to be set apart from the general population for substance abuse treatment. *United States v. Davis*, No. 21-cr-8, 2025 WL 84214, at *1 n.3 (W.D. Va. Jan. 13, 2025) (citing U.S. SENT'G COMM'N, RESIDENTIAL DRUG ABUSE TREATMENT PROGRAM (July 22, 2024), https://www.ussc.gov/education/residential-drug-abuse-treatment-

program); *see also United States v. James*, 151 F.4th 28, 43 (2d Cir. 2025) ("RDAP, which typically runs for nine months, 'is an intensive drug treatment program' run by the BOP 'for federal inmates with documented substance abuse problems.'" (quoting *Reeb v. Thomas*, 636 F.3d 1224, 1225 (9th Cir. 2011)). If the individual complies with RDAP's requirements, the BOP *may* reduce the individual's term of imprisonment by up to a year. *See James*, 151 F.4th at 43. This reduction in sentence comports with the federal statute governing imprisonment of persons convicted of federal crimes, 18 U.S.C. §3621, which provides in relevant part that "[t]he period a prisoner convicted of a nonviolent offense remains in custody after successfully completing a treatment program may be reduced by the [BOP], but such reduction may not be more than one year from the term the prisoner must otherwise serve." 18 U.S.C. §3621(e)(2)(B).

"The BOP has sole discretion to determine an inmate's eligibility for RDAP, [*id.*] §3621(e)(5)(B), as well as to grant or deny sentence reductions upon successful completion of the program, *id.* §3621(e)(2)(B)." *James*, 151 F.4th at 43 (citation omitted). "Pursuant to its authority under [Section 3621], the BOP . . . passed a regulation categorically excluding certain classes of inmates from receiving sentence reductions when they complete the RDAP." *Jenkins v. Greene*, No. 25-cv-730, 2025 WL 2796766, at *1 (M.D. Pa. Sept.

29, 2025) (citing 28 C.F.R. §550.55). This regulation provides that, *inter alia*, "inmates who have been convicted of a '[a]n offense that involved the carrying, possession, or use of a firearm' are precluded from receiving an RDAP sentence reduction." *Id.* (quoting 28 C.F.R. §550.55(b)(5)(ii)).

To further guide determining whether a nonviolent offender is eligible for a sentence reduction under Section 3621(e)(2)(B) upon completing RDAP, the BOP considers Program Statement 5162.05: Categorization of Offenses. *See* PROGRAM STATEMENT 5162.05, UNITED STATES DEPARTMENT OF JUSTICE FEDERAL BUREAU OF PRISONS (Mar. 16, 2009), https://www.bop.gov/policy/progstat/5162_005.pdf ("PS 5162.05"); *Romero v. Warden F.C.I. Marianna*, No. 25-cv-48, 2025 WL 2394887, at *2 (N.D. Fla. July 23, 2025) (explaining that "[t]he BOP's Program Statement for Categorization of Offenses provides further guidance" on a federal inmate's eligibility for a sentence reduction under Section 3621(e)(2)(B)), *report and recommendation adopted*, 2025 WL 2394347 (N.D. Fla. Aug. 18, 2025).[4] As applicable here, this Program Statement lists Taylor's Section 841 controlled substances conviction as among the "offenses that at the [BOP] Director's

---

[4] The Court takes judicial notice of BOP Program Statement 5162.05. *See Bains v. Quay*, No. 21-cv-353, 2021 WL 5343485, at *8 n.22 (M.D. Pa. Oct. 27, 2021) ("The court may properly take judicial notice of a BOP program statement." (citations omitted)), *report and recommendation adopted*, 2021 WL 5330841 (M.D. Pa. Nov. 16, 2021).

discretion shall preclude an inmate[ from] receiving certain [BOP] program benefits." PS 5162.05 at 8, 12 (cleaned up). It also provides the following example, which is specifically applicable here:

> Section 841 of Title 21, United States Code makes it a crime to manufacture, distribute, or possess with the intent to distribute drugs. Under the Sentencing Guidelines (§2D1.1 and §2D1.11), the defendant could receive an increase in his or her base offense level because of a "Specific Offense Characteristic" (for example, if a dangerous weapon was possessed during commission of the offense), the court would increase the defendant's base offense level by two levels. This particular "Specific Offense Characteristic" (possession of a dangerous weapon during the commission of a drug offense) poses a serious potential risk that force may be used against persons or property. Specifically, as noted in the U.S. Sentencing Guidelines §2D1.1., application note 3, the enhancement for weapon possession reflects the increased danger of violence when drug traffickers possess weapons. Accordingly, an inmate who was convicted of manufacturing drugs, (21 U.S.C. §841) and received a two-level enhancement for possession of a firearm has been convicted of an offense that will preclude the inmate from receiving certain Bureau program benefits.

*Id.* at 10.

## B.   Analysis

Taylor contends that Program Statement 5612.05 and 28 C.F.R. §550.55 exceed the BOP's statutory authority and otherwise conflict with 18 U.S.C. §3621(e)(2)(B). *See* (Doc. 1 at 1.) He argues that the BOP cannot use the USSG §2D1.1(b)(1) sentencing enhancement to deny an inmate eligibility for a reduced sentence under Section 3621(e)(2)(B) because it

- 8 -

does not constitute a "crime of violence." See (id. at 2–3). Taylor's arguments lack merit.

Although he cites to various district court and circuit court of appeals decisions he believes supports his arguments in this case, Taylor omits any reference to the case which forecloses his arguments, namely, the United States Supreme Court's decision in Lopez v. Davis, 531 U.S. 230 (2001). In Lopez, the BOP determined that the Section 2241 habeas petitioner, who had been convicted of possession with intent to distribute methamphetamine in violation of 21 U.S.C. §841, was qualified to participate in RDAP but categorically ineligible for early release if he completed the program because the sentencing court enhanced his sentence by two levels under USSG §2D1.1(b)(1) after finding that the petitioner possessed a firearm in connection with the offense. See 531 U.S. at 236. The BOP based its ineligibility determination on 28 C.F.R. §550.58(a)(1)(vi), which was essentially a prior version of the regulation at issue in the instant case. See id.; see also Hendricks v. Jenkins, No. 19-cv-4427, 2020 WL 5430821, at *4 (N.D. Cal. Sept. 10, 2020) ("The particular regulation addressed in Lopez, former 28 C.F.R. §550.58, has been redesignated and is now 28 C.F.R. §550.55." (citing 69 Fed. Reg. 39887–02 (2004))). The BOP's regulation "categorically denie[d] early release to prisoners whose current offense is a

- 9 -

felony attended by 'the carrying, possession, or use of a firearm.'" 531 U.S. at 232–33.

The Supreme Court rejected the petitioner's challenge to the BOP's regulation. *See id.* at 244. The Court first pointed out that Congress granted the BOP discretion "to decide whether to reduce a sentence" under Section 3621(e)(2)(B). *Id.* at 241. As such, "[w]hen an eligible prisoner successfully completes drug treatment, the [BOP] thus has the authority, but not the duty, both to alter the prisoner's conditions of confinement and to reduce [their] term of imprisonment." *Id.*

The Court then determined that the BOP was not required to "rely only on case-by-case assessments" when determining eligibility for a sentence reduction under Section 3621(e)(2)(B) because such "case-by-case decisionmaking in thousands of cases each year could invite favoritism, disunity, and inconsistency." *Id.* at 243–24. Instead, the BOP "may categorically exclude prisoners based on their preconviction conduct." *Id.* at 244.

Finally, the Court held that the BOP's regulation excluding the petitioner from a sentence reduction under Section 3621(e)(2)(B) was "permissible." *Id.* The Court explained that "[t]he [BOP] reasonably concluded that an inmate's prior involvement with firearms, in connection

- 10 -

with the commission of a felony, suggests [their] readiness to resort to life-endangering violence and therefore appropriately determines the early release decision." *Id.* (footnote omitted).

In the instant case, the regulation Taylor challenges, 28 C.F.R. §550.55(b)(5)(ii), contains language that is in all relevant respects identical to the regulation the Court upheld in *Lopez*. *Compare* 28 C.F.R. §550.55(b)(5)(ii) ("As an exercise of the Director's discretion, the following categories of inmates are not eligible for early release: . . . (5) Inmates who have a current felony conviction for: . . . (ii) An offense that involved the carrying, possession, or use of a firearm or other dangerous weapon or explosives (including any explosive material or explosive device)."), *with Lopez*, 531 U.S. at 235 ("(1) As an exercise of the discretion vested in the Director of the Federal Bureau of Prisons, the following categories of inmates are not eligible for early release: . . . (vi) Inmates whose current offense is a felony: . . . (B) That involved the carrying, possession, or use of a firearm or other dangerous weapon . . . ." (quoting 28 C.F.R. §550.58(a) (2000))). Therefore, "*Lopez* controls this [C]ourt's analysis and compels the [C]ourt to [dismiss Taylor's] petition because [*Lopez*] upholds the validity of an earlier regulation that is identical in all relevant respects to the regulation [Taylor] challenges" here. *Jenkins*, 2025 WL 2796766, at *2.

- 11 -

Although the Court will dismiss Taylor's Section 2241 habeas petition because the *Lopez* Court squarely rejected the type of claim Taylor asserts in this case, a brief discussion of the case law Taylor cites in support of his claim is warranted. Taylor attaches to his petition a portion of the Ninth Circuit Court of Appeals' decision in *Arrington v. Daniels*, 516 F.3d 1106 (9th Cir. 2008). *See* (Doc. 1-2 at 1–3). In *Arrington*, the Ninth Circuit concluded that 28 C.F.R. §550.58(a)(1)(vi)(B) violated the Administrative Procedures Act ("APA"), 5 U.S.C. §706(2)(A), because it was "arbitrary and capricious." 516 F.3d at 1112.

In this case, *Arrington* is inapplicable because Taylor does not assert that 28 C.F.R. §550.55 is arbitrary and capricious in violation of the APA. *See* (Doc. 1 at 1–4). Even if he did, the Ninth Circuit's decision in *Arlington* is not binding on this Court. *See, e.g., Walton v. Montgomery Cnty. Cmty. Coll.*, No. 24-cv-6420, 2025 WL 345087, at *3 n.4 (E.D. Pa. Jan. 30, 2025) (explaining that "Ninth Circuit precedent is not binding on this Court"). Instead, this Court is bound to follow the precedent set forth by the United States Supreme Court and the Third Circuit Court of Appeals, and the Third Circuit expressly declined to follow the Ninth Circuit's decision in *Arrington* and instead held that "28 C.F.R. §550.58(a)(1)(vi)(B) (2000) is not arbitrary and capricious within the meaning of §706 of the APA." *Gardner v.*

- 12 -

*Grandolsky*, 585 F.3d 786, 793 (3d Cir. 2009). The Third Circuit's decision in *Gardner* is binding precedent on this Court; whereas, the Ninth Circuit's decision in *Arrington* is inapplicable to this case.

In addition to *Arrington*, Taylor cites to a Third Circuit case, *Roussos v. Menifee*, 122 F.3d 159 (3d Cir. 1997), in his petition. *See* (Doc. 1 at 2). In *Roussos*, the habeas petitioner was convicted for conspiring to distribute narcotics in violation of 21 U.S.C. §846. *See* 122 F.3d at 160. The sentencing court, pursuant to a plea agreement, applied the two-level enhancement under USSG §2D1.1(b)(1) for possessing a firearm during a drug trafficking offense. *See id.*

The BOP determined that the petitioner was ineligible for a sentence reduction for completing a drug treatment program under Section 3621(e)(2)(B) because its Program Statement classified the petitioner's offense as a crime of violence. *See id.* at 160, 161. The Program Statement provided that Section 841 or 846 convictions qualify as crimes of violence "if the sentencing court increased the base level of the sentence for possession of a dangerous weapon during commission of the offense because 'possession of a dangerous weapon during commission of a drug offense poses a substantial risk that force may be used against persons or property.'" *Id.* at 160–61. The petitioner challenged the BOP's Program Statement and

- 13 -

ineligibility determination because "he was convicted of a 'nonviolent offense' in that his offense has not been regarded as a crime of violence under [18 U.S.C. §924(c)]." *Id.* at 161.

The Third Circuit agreed with the petitioner and determined that the BOP's Program Statement unlawfully classified his Section 846 conviction as a crime of violence. *See id.* at 163. It explained that the petitioner:

> has been denied eligibility for sentence reduction under §3621(e)(2)(B) not because his offense has been classified as a "crime of violence" under §924(c)(3), but based solely upon the Program Statement that categorically declares all inmates with two-level sentencing enhancements for firearm possession ineligible. By ignoring the offense of conviction and looking only to sentencing factors, the BOP has attempted to transmogrify a "nonviolent offense" into "a crime of violence." In other words, the BOP converted a nonviolent crime into a violent one by means of a Program Statement that is inconsistent with the language of the statute, and its own regulations. More specifically, . . . we find the BOP's interpretation of a nonviolent offense in the Program Statement to be in conflict with both 18 U.S.C. §3621(e)(2)(B) and 28 C.F.R. §550.58 and therefore erroneous.

*Id.* Accordingly, the Third Circuit concluded that the BOP could not "rely on [the petitioner's] sentencing enhancement to deny him eligibility for the sentence reduction" under Section 3621(e)(2)(B). *Id.* at 164.

Although *Roussos* would appear to support Taylor's arguments in this case, he does not mention what occurred after that decision was issued in July 1997. Shortly thereafter, the BOP amended 28 C.F.R. §550.58 so that it no longer "excluded inmates convicted of drug offense violations with

- 14 -

sentence enhancements for possession of a weapon from receiving 18 U.S.C. §3621(e)(2)(B)'s early release benefit" by "defining the statutory term 'prisoner convicted of a nonviolent offense' under 18 U.S.C. §3621(e)(2)(B) or 18 U.S.C. §924(c)(3)'s cognate term 'crimes of violence.'" *Muolo v. Quintana*, 593 F. Supp. 2d 776, 780 (W.D. Pa.), *aff'd*, 345 F. App'x 736 (3d Cir. 2009) (unpublished) (citations omitted); *see also Gardner*, 585 F.3d at 790 (discussing the BOP's amendment of 28 C.F.R. §550.58). Instead, the regulation "relied upon 'the discretion allotted to the Director of the Bureau of Prisons in granting a sentence reduction to exclude' such inmates." *Muolo*, 593 F. Supp. 2d at 780; *see also Gardner*, 585 F.3d at 790 ("[T]he current BOP regulation continues to provide that '[a]s an exercise of the discretion vested in the Director of the [BOP], the following categories of inmates are not eligible for early release: . . . [i]nmates whose current offense is a felony . . . [t]hat involved the carrying, possession, or use of a firearm or other dangerous weapon . . . ." (all alterations other than third alteration in original) (quoting 28 C.F.R. §550.58(a)(1)(vi)(B) (2000))).

The BOP's amendment to 28 C.F.R. §550.58 removed the basis upon which the Third Circuit decided *Roussos*, *i.e.*, the prior version defining the phrase "crime of violence" by reference to Section 924(c)(3) of the Criminal Code. Given that the Supreme Court then upheld the BOP's new version of

- 15 -

28 C.F.R. §550.58 as a valid exercise of the BOP's discretion in *Lopez, see* 531 U.S. at 241–44, and the pertinent language in this former regulation is identical to the relevant language in 28 U.S.C. §550.55, Taylor's reliance on *Roussos* is misplaced.[5]

Finally, it appears that every federal court to address Taylor's claim in this case has rejected it. *See, e.g., Britt v. Plumley*, 787 F. App'x 431, 431–32 (9th Cir. 2019) (unpublished) (affirming district court's denial of Section 2241 petition in which the petitioner, who was convicted of violating Section 841 and received the two-level enhancement under USSG §2D1.1(b)(1), challenged the BOP excluding him from a sentence reduction under Section 3621(e)(2)(B)); *Hendricks*, 2020 WL 5430821, at *4 ("[T]he BOP had the discretion to preclude from early release consideration those inmates whose drug offenses under 21 U.S.C. §841 involved the possession of a firearm."). Accordingly, because it plainly appears from Taylor's petition and the

---

[5] Moreover, to the extent that Taylor's statutory-interpretation argument is premised in part on Section 3621(e)(2)(B)'s eligibility requirement of a "nonviolent" offense, he would not be entitled to habeas relief because the *Lopez* Court "made clear that in promulgating the policy by which it denies a sentence reduction if the offense involved the possession of a firearm, the BOP was not interpreting the term 'nonviolent offense,' but was instead acting pursuant to its discretion concerning whether to grant sentence reductions under the statute." *Greene-McNeil v. Warden*, No. 24-cv-414, 2025 WL 2740400, at *10 (S.D.W. Va. June 9, 2025) (citing *Lopez*, 531 U.S. at 235), *report and recommendation adopted*, 2025 WL 2736924 (S.D.W. Va. Sept. 25, 2025).

documents attached thereto that he is not entitled to habeas relief, the Court will dismiss his Section 2241 petition with prejudice.

## IV.    CONCLUSION

For the reasons stated above, the Court will dismiss Taylor's Section 2241 habeas petition with prejudice and direct the Clerk of Court to close this case. An appropriate Order follows.

MALACHY E. MANNION
**United States District Judge**

**DATE:** 3/2/26
26-0408-01